| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| Ironshore Indemnity, Inc., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-12-2850 |
| John M. O'Quinn & Associates, PLLC, et al., | § § | |
| Defendants. | § § | |

## Opinion Denying Dismissal

1. *Introduction.*

An insured says that the insurer's suit to determine coverage is premature because it may never seek indemnity or defense from the insurer. The insurer says that the dispute about coverage is real and may be adjudicated without the need for more facts. The motion to dismiss will be denied.

2. *Background.*

In the early 2000s, John M. O'Quinn & Associates, LLP, represented workers who claimed to have silicosis. In 2011, a group of these former clients sued the law firm for malpractice. As other former clients have joined the suit, the case now has more than 500 of them.

In 2006 and 2010, the firm told its insurers about potential claims arising from its representation of workers in the silicosis cases. The firm has $15 million in coverage for 2005–2006 and $15 million for 2009–2010.

In 2010, Ironshore Indemnity, Inc., issued the firm an excess-liability policy for September of 2010 through September of 2011 with a limit of $5 million. The primary policy for 2010 to 2011 – issued by Interstate Fire & Casualty Company – has a limit of $10 million, and the first excess policy – issued by Executive Risk Indemnity, Inc. – has a limit of $5 million.

3.  Controversy.

The firm says that Ironshore's suit is premature because it must exhaust $45 million in coverage before it asks the insurer to pay for defense and indemnity. It says that the dispute is hypothetical because the insurer is unlikely to be harmed.

Ironshore says that the issue of coverage may be resolved without resort to hypothetical or conditional facts and that the dispute is an actual controversy.

The firm has been sued by over 500 former clients. It says that the former clients are likely to settle for an amount less than the Ironshore policy. Whether it is likely, one group of claimants has demanded $15 million, and another has listed damages of $36 million. With the prospect of other groups asking for more money, the firm is faced with claims that exceed the $45 million in coverage under Ironshore. That creates the present dispute – a controversy.[1]

Ironshore's suit raises real defenses to real claims based on real transactions. This controversy is ripe for adjudication, and it may be resolved without awaiting resolution of the underlying case or addressing contingent or external facts here.

4.  Conclusion.

The suit by Ironshore Indemnity, Inc., is a justiciable controversy, because the potential harm is real. The motion to dismiss by John M. O'Quinn & Associates, PLLC, John M. O'Quinn & Associates, LLP, and T. Gerald Treece will be denied.

Signed on June 25, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] U.S. Const. art. III § 2